Dear Lieutenant Ellis:
You have presented the following questions to this office for review, which we requote herein as follows:
 Do Monroe police officers have the authority to forcibly enter a business or domicile with the exclusive intent of rendering emergency aid or emergency care to a known or unknown individual? Can this forced entry be made by the police officers to allow a safe, clear and unrestrictive access to the victim on behalf of emergency medical technicians and other authorized medical personnel? Will the Monroe Police Department and the entering officer have immunity from civil liability that may arise from any property that is damaged while making the forced entry? Is there a legal, civil or otherwise obligation by the Monroe Police Department to restore, replace or repair the damaged property back to its original or appraised condition?
We direct your attention to the provisions of R.S. 9:2793.1 which state:
 Immunity from liability for public entities; fire department; law enforcement agency; public emergencies; F.B.I. agents
 A. No person shall have a cause of action against a public entity or the officers and employees thereof for damage to property at the site of a crime, accident, or fire, including without limitation the destruction or deterioration of property, caused while the officer or employee was acting within the course and scope of his office or employment and while taking reasonable remedial action which is necessary to abate a public *Page 2 
emergency, unless such damage was caused by willful or wanton misconduct or gross negligence.
 B. (1) As used in this Section, "public entity" means the state, or a political subdivision thereof which maintains a department responsible for fire protection, and its fire department, or a law enforcement agency, office, or department responsible for the prevention and detection of crime and the enforcement of the criminal laws of this state, and its law enforcement agency, office or department.
 (2) For purposes of this Section, the term "public emergency" includes any emergency in which there is a potential threat to life or property requiring immediate or remedial action, in order to insure the safety and health of persons and property, including an emergency created by apparent violation of the criminal laws of this state or an emergency created by fire.
 C. Agents of the Federal Bureau of Investigation may raise the defense of qualified immunity if arresting for felonies in progress under the laws of the state of Louisiana or if assisting a peace officer of the state of Louisiana.
Pursuant to R.S. 9:2793.1, there is immunity from liability for damage to property while a police officer is acting in response to a "public emergency", including "any emergency in which there is a potential threat to life or property requiring immediate or remedial action, in order to insure the safety and health of persons and property. Thus, in the circumstances you present, a police officer is granted immunity for liability for damage to property.
Further, R.S. 37:1732 grants a certified police officer immunity from civil damages occurring in the performance of his duties when rendering emergency care of first aid. The statute provides:
Immunity from liability for emergency medical assistance or first aid
 A. Any fireman, policeman, or member of an ambulance or rescue squad who holds a valid current certification by the American Red Cross, L.S.U. Fireman Training Rescue Program, United States Bureau of Mines, or any equivalent training program approved by the Department of Health and Hospitals who renders emergency care, first aid, or rescue while in the performance of his duties at the scene of an emergency or moves a person receiving such care, first aid, or rescue to a hospital or other place of medical care shall not be individually liable to such person for civil damages as a result of acts or omissions in rendering the emergency care, first aid, rescue, or movement of such person receiving same to a hospital or other place of medical care except for acts or omissions *Page 3 
intentionally designed to harm or grossly negligent acts or omissions that result in harm to such person, but nothing herein shall relieve the driver of an ambulance or other emergency or rescue vehicle from liability arising from the operation or use of such vehicle.
 B. The immunity herein granted to a fireman, policeman or member of an ambulance or rescue squad in accordance with Subsection (A) of this section shall be personal to him and shall not inure to the benefit of any employer or other person legally responsible for the acts or omissions of such fireman, policeman or member of an ambulance or rescue squad nor shall it inure to the benefit of any insurer, except that no parish governing authority engaged in rendering ambulance services nor its insurer with respect to such ambulance services shall be liable for the act or omission of any member of any ambulance squad employed by it unless such individual would be personally liable therefor under the provisions of Subsection (A) hereof.
 C. In order for any fireman, policeman, or member of an ambulance or rescue squad to receive the benefit of the exemption from civil liability provided for herein, he must first have taken, successfully completed, and hold a valid certificate of completion of the standard first aid course recognized or approved by the American Red Cross, the United States Bureau of Mines, the L.S.U. Fireman Training Rescue Program, or any equivalent training program approved by the Department of Health and Hospitals, and further he shall have a valid certification from the Red Cross, the United States Bureau of Mines, the L.S.U. Fireman Training Rescue Program, or the Department of Health and Hospitals that he has successfully completed any necessary training or refresher courses. Any such certification or refresher courses shall have standards at least equal to the standard first aid course recognized or approved by the American Red Cross, United States Bureau of Mines, or the L.S.U. Fireman Training Rescue Program.
The exception to the statutory immunities provided relate to damage or injury caused by willful or wanton misconduct or gross negligence in the exercise of duties.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:ag